NO. 07-05-0309-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 7, 2006

_____

LESLI GRIMES, INDIVIDUALLY AND AS NEXT FRIEND OF KYLER HOPKINS,
A MINOR, AND DANIEL GRIMES, APPELLANTS

V.

LUIZ CESAR, M.D. AND LUIZ CESAR, M.D., P.A., APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,799; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J. and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Lesli Grimes, individually and as next friend of Kyler Hopkins, a minor, and Daniel

Grimes, appellants (collectively Grimes) challenge the judgment that Grimes take nothing

on her medical malpractice action against Luiz Cesar, M.D. and Luiz Cesar, M.D., P.A.

Presenting two issues, Grimes contends the trial court erred in granting Cesar's motion for

summary judgment based (1) on the affirmative defense of statute of limitations, and (2) in granting Cesar's 166a and 166a(i) motions for summary judgment based on her averment of fraudulent concealment. We affirm.

Grimes did not file her suit seeking damages alleging negligence claims during surgeries performed by Cesar during June 2001 until January 12, 2004. In response to the plea of limitations filed pursuant to section 74.251 of the Texas Civil Practice and Remedies Code, by her live pleading and responses to Cesar's motion for summary judgment, she alleged that it was impossible for her to commence the suit earlier because Cesar had fraudulently concealed her injury and failed to inform Grimes of his negligent conduct and also alleged that as applied to this case, the statute of limitations violates the "open courts" provision of Article 1, Section 13 of the Texas Constitution. Summarized, the operative dates and facts are as follows:

| | | |
|---|---|---|
| • | June 12, 2001 | Cesar performs a diskectomy and fusion. |
| • | June 15, 2001 | Cesar performs a laminoplasty. |
| • | June 18, 2001 | Cesar removes a drainage tube from the neck. |
| • | July 4, 2001 | Dr. Paullus performs neck and spine surgery. |
| • | July 20, 2001 | Grimes sees Cesar for last time, no treatment. |
| • | January 2002 | Dr. Paullus performs second surgery. |
| • | July 2001/Oct. 03 | Grimes sought care from a number of physicians but none advised her that her symptoms were caused by Cesar's surgery. |
| • | October 2003 | A physician at Mayo Clinic criticizes care by Cesar. |

By her deposition, Grimes acknowledged that after Dr. Paullus reviewed the x-rays and other diagnostic procedures, in July 2001, he told her that something was wrong and it looked like she needed another surgery.

## Standard of Review

In our determination of whether the traditional motion for summary judgment and the no-evidence summary judgment was proper, we apply the standards of review presented in Kimber v. Sideris, 8 S.W.3d 672, 675-76 (Tex.App.–Amarillo 1999, no pet.).

## Analysis

By her issues, Grimes contends the trial court erred in granting summary judgment based on the affirmative defense of the statute of limitations and her claim of fraudulent concealment. We disagree. Because the case law applicable to Grimes's two issues is controlled by common cases, we will consider them together.

Fraudulent concealment tolled limitations until Grimes discovered the fraud or could have discovered the fraud with reasonable diligence. *See* Shah v. Moss, 67 S.W.3d 836, 841 (Tex. 2001) (denying claims of fraudulent concealment and an open court challenge). In *Shah*, the Court held that in order to avoid a summary judgment, a plaintiff such as Grimes must show that Cesar actually knew a wrong occurred, had a fixed purpose to conceal the wrong, and did conceal the wrong. *See id.* at 846. Here, the summary judgment evidence demonstrates that after Dr. Paullus examined Grimes and studied other

3

medical records, he told her that something was wrong and that she needed additional surgery. In addition, she continued to see other physicians and Dr. Paullus performed a second surgery on Grimes in January 2002. Thus, we conclude that assuming any concealment by Cesar, a question we do not decide, that the alleged injury should have been discovered with reasonable diligence on July 4, 2001.

We have not overlooked Grimes's argument that it was impossible for her to discover the surgical manner in which Cesar installed the metal plate in her neck or to evaluate the appropriateness of the surgical procedures chosen and performed by Cesar. However, the law does not require that the particular injury be discovered. *See* Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 735 (Tex. 2001). In Bell v. Showa Denko K.K., 899 S.W.2d 749, 754 (Tex.App.–Amarillo 1995, writ denied), we held that the question for determination is not whether a plaintiff has actual knowledge of the particulars of a cause of action, but whether the plaintiff has knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights. There, we concluded that such "knowledge triggers the two-year period of time within which the plaintiff must investigate and determine whether to file suit." *Id.*

Regarding Grimes's open court challenge, in *Shah*, after overruling Moss's fraudulent concealment, the Court addressed his open courts challenge and held that he had the burden to raise a fact question that he did not have a reasonable opportunity to discover the alleged wrong before the limitations period expired. *See Shah*, 67 S.W.3d at

4

846.  Also, the Court held that an open court's challenge will be denied where the plaintiff does not use due diligence and sue within a reasonable time after learning about the alleged wrong.  *Id.* at 847.  As above noted, according to Grimes's deposition, she was informed by Dr. Paullus in July 2001 that something was wrong and she needed additional surgery.  As in Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex. 1999),  we hold that Grimes had an opportunity to learn of any negligence and that she waited more than two years to do so.  As a result she has not raised a constitutional question and we conclude that her claims concerning the July 2001 surgery are barred by limitations.  Grimes's first and second issues are overruled.

Accordingly, the trial court's judgment is affirmed.


Don H. Reavis
Justice